## UNITED STATES DISTRICT COURT
## FOR DISTRICT OF MASSACHUSETTS
## BOSTON DIVISION

| | |
|---|---|
| KENNETH A. THOMAS MD, LLC, a Connecticut limited liability company, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>BEST DOCTORS, INC., a Delaware corporation,<br><br>*Defendant.* | Case No.: |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Kenneth A. Thomas MD, LLC ("Thomas" or "Plaintiff") brings this Class Action Complaint against Best Doctors, Inc. ("Best Doctors" or "Defendant"), to stop its practice of sending unauthorized and unwanted fax advertisements, and to obtain redress for all persons and entities similarly injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

### NATURE OF THE ACTION

1. This case challenges Defendant Best Doctor's practice of sending unsolicited faxes to doctors' offices.

2. The faxes ostensibly invite the doctor-recipient to be included in Defendant's "Best Doctors of America List" by verifying and updating their contact information such as the doctor-recipient's clinic address. But, the real reason that Defendant sends these faxes is that it

1

hopes to induce doctor-recipients to engage them for its services and purchase various "Best Doctor" branded merchandise through its website.

3.     Defendant Best Doctors sent the faxes at issue to Plaintiff and the Class despite: (i) having no previous relationship with them; (ii) never receiving the recipients' consent to receive such faxes; and (iii) that none of the faxes sent contained requisite opt-out notices.

4.     As such, Defendant's fax advertisements violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and caused Plaintiff and putative members of the Class to suffer actual harm, including the aggravation and nuisance of receiving such faxes, the loss of use of their fax machines during the receipt of such faxes, and increased labor expenses.

5.     Accordingly, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized fax-based marketing activities, as well as an award of actual and statutory damages, along with costs and reasonable attorneys' fees.

## PARTIES

6.     Plaintiff Kenneth A. Thomas MD, LLC is a limited liability company organized and existing under the law of the State of Connecticut. Thomas's principal place of business is located in Stratford, Connecticut.

7.     Defendant Best Doctors is a corporation incorporated and existing under the laws of the State of Delaware, with a principal place of business at 60 State Street, Suite 600, Boston, Massachusetts 02110.

## JURISDICTION & VENUE

8.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), a federal statute.

9. The Court has personal jurisdiction over Defendant and venue is proper in this District because the wrongful conduct giving rise to Plaintiff's cause of action arose and emanated from this District. Additionally, venue is proper in this District because Defendant Best Doctors resides in this District.

## COMMON FACTUAL ALLEGATIONS

10. Defendant is a for-profit company that delivers health services to employers, health insurance providers, and financial services. Best Doctors has supposedly recruited 50,000 doctors into its network.

11. Nevertheless, Defendant Best Doctors still sends fax messages to doctors encouraging them to join its network of healthcare providers. The faxes state that the doctor-recipient has been selected to be included in the "Best Doctors of America List." To initiate this process, and to be included in Defendant's "proprietary" database of healthcare providers, Best Doctors asks the doctor-recipient to verify and update the address of their clinic where the doctor sees patients.

12. Should the doctor-recipient have any questions about Defendant and its business—and they probably do because these doctor-recipients have no prior business relationship with Defendant—they are directed to visit its website www.bestdoctors.com/for-physicians.

13. Immediately, the purpose of Defendant's fax advertisements becomes apparent. That is, Defendant's website advertises various Best Doctors commemorative plaques acknowledging the doctor's inclusion to the Best Doctors in America List. The Best Doctors plaques range in price from $265 up to $290.

14. Defendant Best Doctors sends these fax advertisements to individuals and

3

business with which it has no prior relationship, and without permission and consent, in violation of the TCPA.

15. The faxes sent by Best Doctors constitute advertisements because they promote the inclusion into the Best Doctors in America List and serve as a pretext for Best Doctors to ultimately sell merchandise and commemorative plaques to doctor-recipients.

16. Best Doctors used a telephone facsimile machine, computer, or other device to send the fax advertisements at issue.

17. The fax advertisements at issue failed to provide recipients with proper opt-out notice information required by the TCPA and implementing regulations. Specifically, the faxed failed to provide notice identifying a facsimile number and domestic contact telephone number for fax recipients to transmit their opt-out requests.

**FACTS SPECIFIC TO PLAINTIFF KENNETH A. THOMAS MD, LLC**

18. On or about May 16, 2017, Best Doctors used a telephone facsimile machine to send a series of unsolicited fax advertisement to Plaintiff Thomas. (The true and accurate copies of the fax advertisement is attached hereto as Exhibit A).

19. The fax advertisements promoted its Best Doctors of America List and encouraged Thomas to confirm his clinic's address.

20. Additionally, the fax advertisements urged Thomas to visit its website from where he could purchase a commemorative Best Doctors plaque.

21. Plaintiff Thomas had no prior business relationship with Best Doctors, and had never provided it with consent to receive advertisements through any medium, let alone facsimiles.

22. The fax advertisement failed to contain the required opt-out notice mandated by

4

47 U.S.C. § 227(b)(2)(D) and 47 C.F.R. § 54.1200(a)(4)(iii)-(iv). Specifically, the fax failed to contain language that identified a facsimile number and telephone number for fax recipients to transmit their opt-out requests.

## CLASS ACTION ALLEGATIONS

23. **Class Definitions:** Plaintiff Thomas brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) individually and on behalf of Class of similarly situated individuals as follows:

> All persons and entities who (1) on or after four years prior to the filing of the initial complaint in this action, (2) received a telephone facsimile advertisement, (3) sent from or on behalf of Best Doctors, (4) from whom Best Doctors did not have a record of prior express consent to send the facsimile advertisements.

The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

24. **Numerosity**: The exact size of the Class is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant faxed unsolicited advertisements to thousands of individuals and entities who fall into the definition of the Class. Class membership can be easily determined from Defendant's records.

25. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff is a member of the Class, and if Defendant violated the TCPA with respect to Plaintiff, then it violated the TCPA with respect to the other members of the Class. Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct.

26. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a) How Defendant gathered, compiled, or obtained fax numbers of Plaintiff and the No Consent Class;

   b) Whether Defendant's faxes advertised the commercial availability or quality of property, goods, or services;

   c) Whether Defendant sent the fax advertisements with first obtaining Plaintiff and the No Consent Class's prior express consent to do so;

   d) Whether Defendant sent the fax advertisements without first obtaining Plaintiff and the No Consent Class's prior permission or invitation to do so; and

   e) Whether Defendant's conduct was willful such that Plaintiff and the No Consent Class are entitled to treble damages.

27. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

28. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible

standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

29. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Class)**

30. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

31. The TCPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited

advertisement. . . ." 47 U.S.C. § 227(b)(1)(C).

32. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

33. The faxes sent by Defendant advertised the commercial availability and quality of its goods and services and were commercial in nature. Therefore, Defendant's faxes are advertisements under the TCPA.

34. Defendant sent the facsimile advertisements at issue to Plaintiff and members of the No Consent Class without their prior express invitation or consent, and despite the lack of any prior business relationship between it and members of the No Consent Class.

35. By sending the unsolicited advertisement faxes at issue to Plaintiff and members of the No Consent Class without their prior express consent, Defendant violated 47 U.S.C. § 227(b)(1)(C).

36. As a result of Defendant's conduct, Plaintiff and the members of the No Consent Class suffered actual damages, including the conversion or loss of paper and toner consumed in the printing of the faxes, the loss of use of the recipients' fax machines during the time required to receive, review and route the unauthorized faxes, as well as increased labor expenses.

37. Plaintiff and the No Consent Class are therefore entitled to a minimum of $500 in damages for each violation under 47 U.S.C. § 227(b)(3)(B). To the extent Defendant's misconduct is determined to be willful, the Court should treble the amount of statutory damages under 47 U.S.C. § 227(b)(3).

38. Additionally, as a result of Defendant's unlawful conduct, Plaintiff and the other

members of the No Consent Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A), to ensure that Defendant's violations of the TCPA do not continue into the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kenneth A. Thomas MD, LLC, on behalf of itself and the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Kenneth A. Thomas MD, LLC as the representative of the Class, and appointing its counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the TCPA;

C. An order declaring that Defendant's faxes constitute unsolicited advertisements, that they lacked the required opt-out language, and that Defendant sent the faxes without first obtaining prior express invitation, permission, or consent of the recipients, and enjoining Defendant from further violations, and otherwise protecting the interests of the Class;

D. An award of actual and statutory damages;

E. An award of pre-judgement interest;

F. An award of reasonable attorneys' fees and costs; and

G. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**KENNETH A. THOMAS MD, LLC**, individually and on behalf of all others similarly situated,

Dated: December 28, 2017        By: */s/Erica Mirabella*

9

Erica C. Mirabella (BBO# 676750)
erica@mirabellaLLC.com
MIRABELLA LAW, LLC
132 Boylston Street, 5th Floor
Boston, MA 02116
Tel: (617) 580-8270
Fax: 617.583.1905

Benjamin H. Richman
brichman@edelson.com
EDELSON PC
350 North LaSalle St., 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Stefan Coleman
law@stefancoleman.com
Law Offices of Stefan Coleman, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, Fl 33131
Tel: (877) 333-9427
Fax: (888)498-8946

*Attorneys for Plaintiff and the Class*

\* *Pro Hac Vice* Admission to Be Sought